UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KERRY MCQUAY,
    Plaintiff,

v.

DAVID PELKEY, ET. AL.
    Defendants.

No. 3:16-cv-436 (MPS)

**ORDER**

*Pro se* plaintiff Kerry McQuay sues Dr. David Pelkey (Director), Alton Gray (Clinician), Nancy Katz-Johnson (Chief Privacy Officer), John Callahan (Associate Director), Carol Sapienza (Quality Management Worker), John Page (Executive Secretary), Reginald Jones (Chief EMS), Graylin Crockett (Assistant Chief EMS), Kathy Riekert (Executive Secretary), Alfred Montoya (Director), Irena Danczik (Psychiatrist), Karen Grogan (Regional Counsel, North Hampton Office), David Salthouse (Chief of Police), Louis Trevissan (Assistant Psychiatrist), Cynthia Tyler (Regional Counsel Supervisor, North Hampton Office), Frank Podpolucha (Officer), Bill Klotzbucher (General Counsel, Veterans Affairs), Steve Martino (Chief Psychologist), Kathryn Simpson (Deputy Assistant General Counsel, Veterans Affairs), and E. Douglas Bradshaw, Jr. (Chief Counsel, Veterans Affairs) (collectively, the "Defendants").[1] (*Id*. at 1.) McQuay sues the Defendants, all of whom are federal employees, under 42 U.S.C § 1983 -- which applies to actions taken under color of state law -- for allegedly colluding against him, obstructing justice, filing false federal reports, and depriving him of his

---

[1] Except as noted in the parentheticals, all the defendants are alleged to be employees of the West Haven Veterans Affairs Hospital.

due process rights.[2] Therefore, I construe his amended complaint to allege claims under *Bivens v. Six Unknown Fed. Bureau of Narcortics*, 403 U.S. 388, 91 (1971). *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)(noting approvingly that "the district court construed [plaintiff's] claims under 42 U.S.C. § 1983 as *Bivens* claims" where a plaintiff named a federal agency and federal officers as defendants in a §1983 suit).

I. **Background**

Between 2014 and 2015, McQuay had a series of disputes with hospitals and their staff, including the Veterans Affairs Hospital in West Haven, at which he is a patient.[3] (ECF No. 1 at 11, 15.) The confrontation leading to this suit occurred on May 15, 2014. (*Id*. at 8–9.) On that day, at McQuay's request, a hospital forwarded certain of McQuay's medical records to the Veterans Affairs Hospital in West Haven. (*Id*. at 8.) Upon receipt of those records, a physician at the Veterans Affairs Hospital reviewed the records and shredded them. (*Id*.) McQuay filed complaints with the Veteran Affairs regional counsel and general counsel concerning the incident. (*Id*. at 18.) Veterans Affairs regional counsel "represented by Katheryn Grogan and Cynthia Tyler" conducted an investigation into McQuay's claims and "found no wrong actions conducted by the VA staff."[4] (*Id*.) The Veteran Affairs general counsel concluded the same. (*Id*.)

---

[2] The amended complaint does not specify whether the Defendants are sued in their individual capacities, official capacities or both. I construe the amended complaint to assert claims against the Defendants in both capacities because I am required to construe *pro se* complaints liberally. *See Schultz v. Egan*, 103 F.App'x 437, 442 (2d Cir. 2004)("We have said that a plaintiff who has not clearly identified in [his] complaint the capacity in which the defendant is sued should not have the complaint automatically construed as focusing on one capacity to the exclusion of the other.")(internal quotation marks and citation omitted).
[3] Background on those disputes is set forth in the (ECF No. 8) Initial Review Order.
[4] I adopt, as used in the complaint, the abbreviation "VA" to refer to "Veterans Affairs."

On March 14, 2016, McQuay sued the United States for allegedly violating the Health Insurance Portability and Accountability Act ("HIPPA"), destroying his personal health information, filing false federal reports, colluding against him, committing the tort of "patient abuse," obstructing justice, and denying him due process. (*Id*. at 3.) I dismissed McQuay's complaint in its entirety because the United States is not subject to suit under 42. U.S.C. §1983. (ECF No. 8 at 3-4.) McQuay was instructed to file an amended complaint within 30 days, or the clerk would close the case. (*Id*. at 4.) Accordingly, he filed the instant complaint asserting claims against the Defendants under §1983 for money damages.[5]

## II. Legal Standard

Under 28 U.S.C. § 1915(e)(2)(B)(ii), I must evaluate a plaintiff's complaint and dismiss the complaint if it "fails to state a claim on which relief may be granted." Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual

---

[5] McQuay does not specify in his amended complaint any relief he seeks, (ECF No. 9 at 5), but I construe his amended complaint to seek monetary damages because the original complaint identified such relief, and it appears that the amended complaint seeks to incorporate by reference "[a]ll [documents] previously [f]iled." (ECF No. 9 at 3.)

enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

When a plaintiff submits a complaint *pro se*, the reviewing court shall construe the allegations liberally, raising "the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Even a *pro se* plaintiff, however, must meet the standard of facial plausibility set forth above. *See Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013)("[A] *pro se* complaint must state a plausible claim for relief.")(citation omitted).

### III. Discussion

#### A. McQuay's *Bivens* Claims

McQuay's *Bivens* claims against the Defendants in their official capacities for money damages are barred by the sovereign immunity doctrine. *Robinson*, 21 F.3d at 510 ("[Plaintiff's] claims against AAFES and the individual federal defendants in their official capacities were properly dismissed on the ground of sovereign immunity" because such a case "must be brought against the federal officers involved in their individual capacities."); *Wright v. Condit,* No. 13–CV–2849, 2015 WL 708607, at *1 (S.D.N.Y. Feb. 18, 2015)("*Bivens* claims do not lie against federal employees in their official capacities, because such suits are considered actions against the United States, and are barred by the doctrine of sovereign immunity.")(citation omitted). Therefore, I lack subject matter jurisdiction over those claims.

To state a *Bivens* claim against the Defendants in their individual capacities, McQuay must allege that the Defendants "deprive[d] [him] of a constitutional right." *Tavarez v. Reno,* 54 F.3d 109, 110 (2d Cir. 1995). McQuay alleges Defendants "fail[ed] to provide [him] due process." (ECF No. 9 at 3.) In particular, he alleges that he "did not receive due process" because Defendants -- specially Grogan, Tyler, and the VA general counsel -- "did[] [not]

4

conduct a lawful investigation" into the "wrongful actions conducted by the VA staff", i.e., the destruction of his medical records that had been faxed to the VA hospital. (ECF No. 1 at 18.) He further alleges denial of his due process rights because the investigators "never called the patient advocates office." (*Id.*) Notwithstanding these allegations, I am unable to discern facts suggesting a property interest here, which is a requisite to either a procedural due process, or substantive due process, claim.[6] *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016)(holding that to allege a claim for violation of procedural due process, a plaintiff must allege "there exists a liberty or property interest of which [plaintiff] has been deprived"); *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene of City of N.Y.*, 746 F.3d 538, 545 (2d Cir. 2014)(noting to state a substantive due process claim, a plaintiff must allege that "(1) it had a valid property interest...")(internal quotation marks and citation omitted). The amended complaint points to no rule, regulation, or state law giving McQuay a legitimate claim of entitlement to the benefits he seeks – either the non-destruction of his medical records or an investigation by the VA counsel into the destruction of his medical records (or that such investigation required contact with the patient advocates office). *See MacFall v. City of Rochester*, 495 Fed.App'x 158, 159 (2d Cir. 2012)("Property interests protected by due process...are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.")(internal quotation marks and citation omitted). His "mere unilateral expectation" cannot give rise to a property interest. *Id.* (internal quotation marks and citation omitted).

---

[6] I also note that McQuay's amended complaint does not suggest that any of the Defendants engaged in conduct that could be deemed "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Velez v. Levy*, 401 F.3d 75, 93 (2d Cir. 2005). This is an additional reason that McQuay's substantive due process claim fails (to the extent the amended complaint can be construed to assert such claim).

Therefore, the absence of allegations concerning a property interest is fatal to McQuay's due process claims and thus his *Bivens* claims. *Eck v. Gallucci*, 321 F. Supp.2d 368, 372 (D. Conn. 2004)(dismissing *Bivens* claim where "complaint [was] a maze through which the court [could] discern no viable constitutional claim").

### B. HIPPA Does Not Provide A Private Cause of Action

To the extent that McQuay asserts a cause of action under HIPPA, McQuay is barred from such action because HIPPA does not provide a private right of action. *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1080 (9th Cir. 2007)("HIPAA provides for no private right of action."); *Acara v. Banks,* 470 F.3d 569, 571 (5th Cir. 2006)("HIPAA limits enforcement of the statute to the Secretary of Health and Human Services.").

### C. McQuay Cannot Enforce Criminal Statutes

The amended complaint also asserts that the Defendants have engaged in criminal conduct such as obstruction of justice. (ECF No. 9 at 3.) A private party, however, may not enforce criminal statutes. *Leeke v. Timmerman,* 454 U.S. 83, 85 (1981)(acknowledging "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another"); *Clissuras v. City Univ. of New York*, 90 F. App'x 566, 567 n. 1 (2d Cir. 2004)(noting that "obstruction of justice" does not "constitute [a] private federal cause[] of action").

## IV. Conclusion

For the reasons set forth above, the (ECF No. 9) amended complaint is hereby **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) without prejudice. Accordingly, the Clerk is instructed to close this case. Nonetheless, the Court will allow McQuay one final opportunity to plead cognizable claims. Within 30 days of this order, plaintiff may, if he wishes, file a motion to reopen this case together with a second amended complaint. If plaintiff files a second

6

amended complaint, the second amended complaint must contain a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff must plead facts that give rise to his claims against the Defendants and must specify the remedy he seeks. That is, the second amended complaint must include allegations such as what the unlawful conduct was, who engaged in the unlawful conduct, when the unlawful conduct occurred, and where the unlawful conduct took place. "Complaints which ramble, which needlessly speculate, accuse, and condemn" will not suffice. *See Prezzi v. Berzak*, 57 F.R.D. 149,151 (S.D.N.Y. 1972). Plaintiff also may not simply plead "the-[D]efendant[s]-unlawfully-harmed-me" because his claims must be "plausible," which means there is "factual content that allows the court to draw the reasonable inference that the [D]efendant[s] are liable." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). Plaintiff must also comply with Rule 11(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:    Hartford, Connecticut
          May 17, 2017